UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNAID KHAN,<br><br>   Petitioner,<br><br>v.<br><br>OSCAR AVILES,<br><br>   Respondent. | Civil Action No. 23-698 (MCA)<br><br>MEMORANDUM &<br>ORDER |

  *Pro se* Petitioner Junaid Khan, a convicted prisoner currently confined at Hudson County Jail, seeks to bring a habeas petition ("Petition") pursuant to 28 U.S.C. § 2241. Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons explained herein, the Court will dismiss the Petition without prejudice pursuant to the Court's screening authority.

  Petitioner states in his Petition that he is currently serving a sentence at Hudson County Jail. (Petition at 2). In Ground One of the Petition, Petitioner alleges that he has underlying health issues, including three fractures due to a car accident, and contends that he has not been provided adequate medical attention or treatment at Hudson County Jail. (Petition at 4-5.) Petitioner further explains that he is on "Drug Court probation." (*Id.*) Prior to his Drug Court sentence, he was prescribed Percocet, and he sought a medical marijuana card to avoid becoming

addicted to Percocet. (*Id.*) According to Plaintiff "Burlington County keeps [him] incarcerated for dirty urine in spite of [his] prescription and [he is] subject to poor medical attention in the jail." (*Id.* at 5.) Plaintiff asks to be released from custody and to use prescription medical marijuana as a substitute for Percocet. (*Id.* at 6.)

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'"[1] *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46).

Here, Petitioner states that he is a convicted prisoner and appears to be incarcerated because he has violated the terms of his probation. Petitioner may be attempting to challenge the revocation of his probationary (or "Drug Court") sentence. In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241

---

[1] In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication <u>and</u> has exhausted state remedies.

*Moore*, 515 F.2d at 443 (emphasis added).

and 2254, challenging a decision of the state parole board denying his application for release on parole. The Third Circuit determined that Coady must rely on § 2254 instead of § 2241:

> In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484–85. To the extent Petitioner challenges the revocation of his probationary sentence, his reliance on § 2241 is misplaced, as § 2254 is the proper avenue for him to seek relief. *See DeVaughn v. Dodrill*, 145 F. App'x 392, 294 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citing *Coady*, 251 F.3d at 485); *Strother v. Nardolillo*, 583 F.Supp.2d 645, 647 n. 6 (E.D. Pa. 2008) (noting that *Coady* "stands for the proposition that attacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. § 2254 and NOT under 28 U.S.C. § 2241.") (emphasis in original).

Moreover, it appears Petitioner has not exhausted state court remedies for any of his claims, which generally precludes relief under §§ 2254 and 2241. A state prisoner may not seek relief under section 2254 unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b); *see also Moore*, 515 F.2d at 442 ("'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'") (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)).

Finally, Petitioner appears to challenge his conditions of confinement, namely the failure to provide him with adequate medical care, and seeks release from confinement as a remedy. Although Petitioner seeks release from custody, "which is unequivocally a habeas remedy[,]" *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020), the use of habeas to obtain release based on conditions of confinement "'has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'" *Id.* at 324 (citing *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973)).  Petitioner vaguely alleges that he has been denied adequate medical care, but these allegations are insufficient to establish the type of extraordinary circumstances warranting habeas relief.[2]

For these reasons, the Court declines to exercise pretrial habeas jurisdiction under 28 U.S.C. § 2241 and will dismiss the Petition without prejudice pursuant to its screening authority.

**THEREFORE**, it is on this 10th day of June 2024,

**ORDERED** that the Court declines to exercise pretrial habeas jurisdiction and the Petition is dismissed WITHOUT PREJUDICE under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), because Petitioner does not meet the standard for filing a pretrial habeas; and it is further

**ORDERED** that the dismissal of this action is without prejudice to Petitioner's filing of a Petition under 28 U.S.C. § 2254 challenging the revocation of his probation after he fully

---

[2] It appears that Plaintiff also filed a civil rights action, Khan v. Well Path, et al., Civ. No. 23-694, regarding the alleged denial of adequate medical care at Hudson County Jail, but his application to proceed *in forma pauperis* ("IFP") was deficient, and he did not correct the deficiencies in his IFP application.  That matter has remains closed.

exhausts his state court remedies and/or a civil rights action regarding his conditions of confinement; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner by regular U.S. mail and CLOSE this case accordingly.

_____
Hon. Madeline Cox Arleo
United States District Judge